**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Wade Thomas Hutchins,                )<br>                                                      )<br>            Petitioner,                        )<br>                                                      )<br>    v.                                            )<br>                                                      )<br>Superintendent of ASPC-Florence,  )<br>                                                      )<br>            Respondent.                      )<br>_____ ) | No. CV-06-3064-PHX-DGC (ECV)<br><br>**ORDER** |

Pending before the Court are a petition for writ of habeas corpus filed by Wade Thomas Hutchins, a state prisoner, and a Report and Recommendation ("R&R") issued by United States Magistrate Judge Edward C. Voss. Dkt. ## 1, 22. The R&R recommends that the petition be denied as untimely and dismissed with prejudice. Dkt. #22. For the reasons set forth below, the Court will adopt the R&R and deny the petition.

**I.      The R&R and the Objections.**

As the R&R notes, a state prisoner has one-year within which to file a federal habeas corpus petition after his or her conviction becomes final. Dkt. #22 (citing 28 U.S.C. § 2244(d)(1)(A)). Following the Supreme Court of Arizona's denial of review of Petitioner's conviction and the expiration of the ninety-day period Petitioner is allowed to seek further review before the Supreme Court of the United States, Petitioner's conviction became final on January 20, 1999. *Id.* Therefore, the one-year statute of limitations applicable to Petitioner's filing of a habeas petition ended on January 21, 2000. *Id.*

1  Petitioner did not file his state petition for post-conviction relief until July 27, 2005
2 – well after the one-year deadline had passed. *Id*. Petitioner asserted, however, that "he is
3 entitled to equitable tolling of the statute of limitations because he was unable to file a timely
4 petition due to a 'devastating mental illness.'" *Id*. at 4 (quoting Dkt. #20 at 2). While
5 Petitioner presented some evidence suggesting that he had mental health issues in August of
6 1996, Judge Voss noted that Petitioner did not show that a mental illness existed beyond this
7 point through January 21, 2000. *Id*. As a result, Judge Voss determined that equitable tolling
8 of the statute of limitations was not appropriate. *Id*.

9  The state post-conviction petition was denied on September 1, 2005. *Id*. Petitioner
10 filed a federal habeas corpus petition on December 21, 2006. *See* Dkt. #1. Judge Voss
11 accordingly found that "even if the time leading up to the state post-conviction petition was
12 equitably tolled due to mental illness, once the post-conviction petition was decided,
13 Petitioner still failed to file his habeas petition within one year thereafter." Dkt. #22 at 5-6.
14 Judge Voss further stated that Petitioner's argument regarding the preclusive effect of his
15 mental condition on his ability to file a timely habeas petition was "undermined by the fact
16 that [Petitioner] retained counsel to represent him in his state petition for post-conviction
17 relief and his habeas petition." *Id*. at 5 n.2. In light of these considerations, Judge Voss
18 concluded that the habeas petition is time-barred and should be denied. *Id*.

19  A party may file specific, written objections to an R&R within ten days after being
20 served with a copy the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).
21 The Court must undertake a *de novo* review of those portions of the R&R to which specific
22 objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v.*
23 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

24  On November 5, 2007, Petitioner filed a one-page objection to the R&R and made
25 three cursory arguments, without elaboration or supporting factual material: (1) "[t]hat
26 petitioner was in fact mentally ill from the period whereat [sic] his conviction was affirmed
27 and one year thereafter when he should have filed for a writ of habeas corpus," (2) "[t]hat
28 petitioner did not have the wherewithal to hire counsel for his post-conviction proceedings

1 and these [habeas] proceedings. . . . It was in fact petitioner's wife . . . who hired counsel on
2 behalf of petitioner," and (3) "[t]hat there is in fact enough evidence warranting an
3 evidentiary hearing as to the mental status of petitioner at all relevant times during these and
4 past proceedings." Dkt. #23 at 1.

**II.     Discussion.**

The Court's review is limited to Petitioner's three objections. *See Thomas*, 474 U.S. at 149 (noting that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection.").

First, Petitioner contends that he was mentally ill during the limitations period. Evidence presented to Judge Voss showed only that Petitioner's mental health issues existed in August of 1996. *See* Dkt. #22. Petitioner has provided the Court with no supplemental information suggesting that he was mentally ill beyond this point.

Second, Petitioner notes that his wife retained counsel to represent him in his state post-conviction proceedings and this petition. Dkt. #23. As Judge Voss stated, however, "Petitioner . . . did not have to prepare the petitions himself. He simply had to contact counsel and supply him with the information to prepare and file the petitions." Dkt. #22 at 5 n.2. This is true whether Petitioner or his wife retained the attorney.

Moreover, Petitioner has not demonstrated that he was unable to file a timely habeas petition even in the absence of retained counsel. To justify equitable tolling, Petitioner must show that "extraordinary circumstances beyond his control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (citing *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)); *see Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner has made no such showing.

Third, Petitioner asserts that there is sufficient evidence to warrant an evidentiary hearing. Dkt. #23. "In habeas corpus proceedings, an evidentiary hearing is required where the petitioner's allegations, if proved, would establish the right to relief." *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc) (citations omitted). An evidentiary hearing need

- 3 -

not be held where the petitioner's allegations are "conclusory and wholly devoid of specifics." *Id.* (citation omitted). Petitioner has not submitted any specific information suggesting that he suffered from a mental illness during the relevant limitations periods. Petitioner has failed to meet his burden of demonstrating that he is entitled to an evidentiary hearing.

**IT IS ORDERED:**

1. The R&R (Dkt. #7) is **adopted**.

2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.

3. The clerk is directed to **terminate** this action.

DATED this 13th day of December, 2007.

*David G. Campbell*
United States District Judge